**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARK WADE GANTT,**

                              **Petitioner,**

    **vs.**                                                      **9:12-cv-657
                                                                     (MAD/CFH)**

**DANIEL MARTUSCELLO, Superintendent,
Coxsackie Correctional Facility,**

                              **Respondent.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MARK WADE GANTT
08-A-3883**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**HON. ERIC T. SCHNEIDERMAN**          **MICHELLE ELAINE MAEROV, ESQ.**
Attorney General of the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER ADOPTING REPORT-RECOMMENDATION AND ORDER

On April 18, 2012, Petitioner, proceeding *pro se*, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In his petition, Petitioner claims (1) his guilty plea was not knowingly, intelligently, and voluntarily made; (2) the prosecution presented perjured testimony before the grand jury; (3) the prosecution withheld exculpatory evidence; and (4) trial counsel was ineffective in failing to inform him of the effects of his guilty plea. On November 25, 2013, Magistrate Judge Christian F. Hummel issued a Report-Recommendation

and Order, recommending that Petitioner's Petition for a Writ of Habeas Corpus be denied. Dkt. No. 16 at 27 ("Report").[1]

As noted in Magistrate Judge Hummel's Report, Petitioner pled guilty to two counts of Burglary in the Second Degree on April 18, 2008. The plea agreement also imposed a provision that Petitioner would be sentenced as a second violent felony offender for twelve years with five years of supervised release. In addition, the prosecution sought mandatory surcharges, fees associated with collection of a DNA sample, waiver of a right to appeal and bring post-conviction remedies, and an order of protection for the victim of Petitioner's crimes.

Petitioner appeared for sentencing on July 10, 2008, and sought to withdraw his guilty plea, which application was denied over objection. Petitioner was sentenced to concurrent and determinate prison terms of twelve years for each burglary count, five years of post-release supervision, five hundred dollars in restitution sought by the New York State Crime Victims Board, a mandatory surcharge and fees for a DNA sample, and an order of protection prohibiting Petitioner from contacting the victim of his crimes.

Thereafter, Petitioner appealed his sentence to the Appellate Division, Third Department. On May 27, 2009, that court remitted the matter "to afford defendant the opportunity to either withdraw his plea or accept the enhanced sentence of restitution[,]" or accept "the sentence that was promised in the plea agreement[.]" *People v. Gantt*, 63 A.D.3d 1379, 1380 (3d Dept. 2009) (citations omitted). On July 1, 2009, Petitioner appeared for sentencing and again sought to withdraw his guilty plea. Over objection, Petitioner was given the original sentence without the restitution order.

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

On March 29, 2010, Petitioner again appealed to the Appellate Division, Third Department, this time claiming that: (1) his guilty plea was not intelligently, knowingly, or voluntarily made; (2) the court failed to afford him an opportunity to withdraw his guilty plea; and (3) he received ineffective assistance of trial counsel. The Appellate Division affirmed. *People v. Gantt*, 77 A.D.3d 988, 989 (3d Dept. 2010). Petitioner thereafter moved to reargue at the Appellate Division and for leave to appeal to the Court of Appeals, which motions were denied.

On November 5, 2010, Petitioner moved pursuant to New York Criminal Procedure Law Section 440.10 to vacate his judgment of conviction on the following grounds: (1) the court relied on improper sentencing considerations; (2) the prosecution made inflammatory remarks at sentencing; (3) trial counsel was ineffective; (4) the guilty plea was not knowingly, voluntarily, and intelligently made; and (5) the court should have permitted him to withdraw his plea. Petitioner's Section 440 motion was denied on December 27, 2010, and Petitioner thereafter sought leave to appeal from the Appellate Division. On April 20, 2011, the Appellate Division denied that application. Petitioner filed the instant federal habeas petition on April 18, 2012.

In a November 25, 2013, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel recommended that the Court dismiss Petitioner's petition in its entirety.[2]

---

[2] In addition to the four claims raised in his petition, Petitioner raised two more claims in his traverse. *See* Dkt. No. 13. Since these claims were not asserted in his Petition, they are waived. *See, e.g.*, *Morgan v. Lee*, 2012 WL 5336167, (W.D.N.Y. Oct. 26, 2012) (collecting cases). Notwithstanding Petitioner's waiver of these new arguments, Magistrate Judge Hummel considered them and recommended that they both be denied. First, Petitioner claimed that his sentence was based upon impermissible considerations. Magistrate Judge Hummel recommended that this claim be denied because: (a) it was procedurally barred; (b) federal habeas relief is unavailable for errors of state law which do not have constitutional implications; and (c) the claim was meritless. Report at 8 n.4. Second, Petitioner claimed that the prosecuting attorney held a

3

Magistrate Judge Hummel correctly asserted that "[i]t is well-settled that before seeking habeas review, a petitioner must first exhaust all state remedies." Report at 9 (citing, *inter alia*, 28 U.S.C. § 2254(b), (c)). Magistrate Judge Hummel stated that to exhaust available state judicial remedies, "the petitioner must seek discretionary review where it is available at the highest state court and raise the same federal constitutional claims." *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). Magistrate Judge Hummel concluded that Petitioner's first claim was exhausted, but because Petitioner's second and third "claims were never presented to the Appellate Division," they were not exhausted. *Id.* at 10-11. Magistrate Judge Hummel also concluded that Petitioner's fourth claim of ineffective assistance of counsel was unexhausted because "Gantt did not cite the Sixth Amendment or federal cases employing the relevant constitutional analysis" in either his second direct appeal or his Section 440 motion. *Id.* at 11.

Magistrate Judge Hummel then considered whether these claims "may still be 'deemed' exhausted by the habeas court 'if it is clear that the state court would hold the claim procedurally barred.'" *Id.* at 12 (citing, *inter alia*, *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Magistrate Judge Hummel concluded that because "Gantt may return to state court and raise the unexhausted claims concerning coerced testimony and non-disclosure of exculpatory materials in a second CPL § 440.10 motion[,]" those two claims remained unexhausted and not procedurally barred. *Id.* at 12 (citing CPL § 440.10(3)(c)). With respect to his ineffective assistance counsel claim, Magistrate Judge Hummel found that since Petitioner already had the one direct appeal to which he is entitled he could not now raise this claim in state court, and could not bring this claim in a

---

"personal vendetta" against him. Magistrate Judge Hummel recommended that this claim also be denied because it was unexhausted and not procedurally barred and, in any event, it was unsubstantiated and meritless. *Id.*

4

second CPL Section 440 motion as the claim is based on the record, "the ineffective assistance claim is deemed exhausted but procedurally barred." *Id.* at 13.

Magistrate Judge Hummel next considered whether federal habeas review of Petitioner's claims was prohibited on the grounds that "the state court rested its judgment 'on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Id.* at 13 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The Report noted that, on direct appeal, the Appellate Division had held that Petitioner's involuntary plea and ineffective assistance claims should have been raised in the first appeal, not on appeal from resentence. Finding no exception where a petitioner "shows cause for the default and actual prejudice, or a miscarriage of justice" were the claims not considered, Magistrate Judge Hummel ultimately concluded that these claims were procedurally defaulted due to an adequate and independent state law ground. *Id.* at 15-16.

Ultimately, Magistrate Judge Hummel reviewed the merits of each of Petitioner's claims and found them to be meritless. Magistrate Judge Hummel first found that "the record clearly contradicts Gantt's challenge to his guilty plea" and that aspect of "[t]he County Court's decision was neither contrary to nor an unreasonable application of [ ] clearly established Federal law." *Id.* at 21. Second, Magistrate Judge Hummel concluded that "Gantt has neither established that [a witness's] grand jury testimony was actually and intentionally false nor [that the] prosecution knew or had reason to know that [the witness] was allegedly committing perjury." *Id.* at 22. Third, Magistrate Judge Hummel recommended that "Gantt's claim based on the non-disclosure of exculpatory evidence must fail" on the merits and, in any event, "Gantt waived the claims of Brady violations by pleading guilty[.]" *Id.* at 23. Finally, applying the "highly deferential" standard of review of ineffective assistance of counsel claims, Magistrate Judge Hummel found

5

neither "deficient performance" by Petitioner's trial counsel, nor any indication "that but for trial counsel's deficient performance, [Petitioner] would not have entered such a favorable plea." *Id.* at 25 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Neither party objected to Magistrate Judge Hummel's November 25, 2013, Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party files general objections, however, the court reviews those recommendations for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.[3] *See Frank v. Johnson*, 958 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

---

[3] Magistrate Judge Hummel's Report included notice of this rule, asserting that "[f]ailure to object to this report within fourteen days will preclude appellate review." Report at 27 (citing *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of HHS*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)).

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed the Report and the applicable law, the Court concludes that Magistrate Judge Hummel correctly recommended that the Court should dismiss Petitioner's petition in its entirety. Magistrate Judge Hummel properly determined that each of Petitioner's claims were either unexhausted or procedurally barred, and that they are otherwise without merit.

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[4] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[4] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. P. 22(b)(1).

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case.

**IT IS SO ORDERED.**

Dated: January 10, 2014
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge